# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER MANNIX,<br><br>    Defendant. | 1:25-cv-00529-SAB<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE**<br><br>(ECF Nos. 4, 5)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Jonathan Christopher Coffer ("Plaintiff"), proceeding *pro se*, filed this civil rights action on May 6, 2025. (ECF No. 1.) On May 9, 2025, the Court ordered Plaintiff to either submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, or, in the alternative, pay the $405.00 filing fee in this action within forty-five (45) days of the date of service of the order. (ECF No. 4.) Because an application nor filing fee was received, on June 30, 2025, the Court issued an order to show cause why the action should not be dismissed. (ECF No. 5.) The Court cautioned that Plaintiff's failure to respond to the order to show cause within fourteen days would result in a recommendation that this action be dismissed. (Id.) Plaintiff has not filed an application to proceed *in forma pauperis* nor paid the filing fee.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff has not filed an application to proceed *in forma pauperis*, paid the filing fee, nor otherwise responded to the Court's May 9, 2025 or June 30, 2025 orders. Plaintiff's failure to comply with the orders of the

Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's May 9, 2025 order expressly stated: "Failure to comply with this order will result in dismissal of this action." (ECF No. 4.) Further, the Court's June 30, 2025 order expressly stated: "Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed…." (ECF No. 5.) Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's orders. Plaintiff, however, may still file an application to proceed *in forma pauperis* during the objection period and the Court will consider the application.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice for failure to pay the filing fee or file an application to proceed *in forma pauperis*, failure to abide by the Court's orders, and failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

　　　　IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated:  **July 24, 2025**

　　　　　　　　　　　　　　　　STANLEY A. BOONE
　　　　　　　　　　　　　　　　United States Magistrate Judge